UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| JEFFREY M. BISCH, and ) | Case No. 09-20426-659 |
| DEBRA S. BISCH, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| JEFFREY M. BISCH, and ) | **Adversary No. 09-2016-659** |
| DEBRA S. BISCH, ) | |
| ) | **PUBLISHED** |
| Plaintiffs, ) | |
| ) | |
| -v- ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiffs' Complaint to Obtain Discharge of Back Taxes Due to the IRS, Answer to Complaint to Obtain Discharge of Back Taxes Due to the IRS, Joint Stipulation of Facts, Plaintiffs' Brief, Brief for the United States of America (Internal Revenue Services) and Plaintiffs' Reply Brief. The matter was taken as submitted. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT:**

On August 24, 2009, Debtors Jeffrey M. Bisch and Debra S. Bisch (hereinafter "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Joint Stipulation of Facts (hereinafter "Stip."), ¶ 1. Prior to filing their bankruptcy case Debtors owed income taxes, interest and penalties for tax years 2004 and 2005. Stip. ¶ 2. As of October 23, 2009, Debtors had a balance of $31,092.25 in unpaid taxes, including interest and penalties for the tax year 2004, and a balance of $24,106.77 in unpaid taxes, including interest and penalties for the tax year 2005. Stip. ¶ 2.

Debtors' federal income tax return for 2004 was due on August 15, 2005, after Debtors

requested and were granted a filing extension to that date. On September 5, 2005, Debtors were issued an income tax refund in the amount of $28,510.00 and a tax credit of $3,000.00. Debtors had a federal tax liability in the amount of $8,474.00 and were therefore issued $23,036.00, the balance owed to Debtors at that time. Ex. A to Complaint. Debtors' accountant realized accounting errors in Debtors' 2004 income taxes and submitted an amended return on June 30, 2008 which showed taxes owed. Debtors 2004 return was assessed on November 5, 2008 and the Internal Revenue Service (hereinafter "IRS") determined that Debtors owed $22,403.00 in unpaid taxes for 2004, plus interest. The parties have agreed that Debtors' debt for 2004 taxes, interest and penalties is dischargeable. Stip. ¶ 3.

Debtors' federal income tax return for 2005 was due on April 15, 2006. Stip. ¶ 4. Debtors requested and were granted a six month extension for filing their 2005 income tax return, thus the 2005 taxes became due on October 15, 2006. Stip. ¶ 5. Debtors filed a joint income tax return for 2005 on June 29, 2006. Stip. ¶ 6. The 2005 return showed a tax refund of $24,391.00 and a tax credit of $3,000.00 for a total issued refund of $27,391.00. Ex. A to Complaint. Debtors' accountant realized accounting errors in Debtors' 2005 income taxes and submitted an amended return on June 30, 2008 which showed taxes owed. On September 29, 2008, the IRS assessed Debtors 2005 income taxes and determined that Debtors owed $15,289.00, plus interest, for 2005. Stip. ¶ 8. The IRS also removed the $3,000.00 credit previously applied.

Debtors argue that Debtors filed their original 2005 income taxes more than three years before Debtors filed their Bankruptcy petition; therefore, this debt should not be excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A) and 11 U.S.C. § 507(a)(8)(A)(i). Debtors argue that Bankruptcy Court is a court of equity and excepting this debt from discharge would yield an inequitable result, particularly since Debtors' income tax return was filed over three years before the date of their bankruptcy petition. Debtors request that this Court give maximum effect to the "fresh start" policy of bankruptcy law.

2

The IRS argues that 11 U.S.C. § 507(a)(8)(A)(i) contemplates filing extensions and therefore, the date the 2005 income tax return was actually filed is immaterial. The IRS submits that October 15, 2006 is the relevant date. Since Debtors filed their bankruptcy petition within three years of the extension date of October 15, 2006, the IRS argues that the debt for the 2005 unpaid taxes must be excepted from discharge.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2009) and Local Rule 81-9.01 of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

There is no dispute and the parties have agreed that Debtors' unpaid income taxes, interest and penalties for 2004 are dischargeable. The only dispute is whether the debt for Debtors' income taxes, interest and penalties for 2005 is dischargeable.

Section 507(a)(8) allows a governmental authority to bring a cause of action to collect any debt for taxes, plus interest and penalties, for which the tax return was last due, including extensions, less than three years when the bankruptcy petition was filed. 11 U.S.C. § 507(a)(8)(A)(i) (2009). Any tax debt allowed under Section 507(a)(8) is excepted from discharge. 11 U.S.C. § 523(a)(1)(A) (2009).

A federal tax debt is excepted from discharge where the tax return was due within three years of the date the bankruptcy petition was filed, regardless of the date the return was actually filed. See *In re Wood,* 866 F.2d 1367 (11th Cir. 1989); *In re McDermott,* 286 B.R. 913 (M.D. Fla. 2002); *In re Gidley,* 138 B.R. 298 (Bankr. M.D. Fla. 1992); *see also Young v. US,* 535 U.S. 44, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002); *In re Hermann,* 221 B.R. 994 (Bankr. N.D. Okla. 1998); *see also In re Waugh,* 109 F.3d 489 (8th Cir. 1997). In *In re Wood,* debtor requested and was granted

3

numerous filing extensions for his 1982 return which became due on October 15, 1983. *In re Wood,* 866 F.2d at 1368. Debtor filed his 1982 income tax return on October 7, 1983. *Id.* Debtor filed his bankruptcy petition on October 10, 1986, five days before the third year anniversary of the income tax extension. *Id.* The bankruptcy court held that the tax debt for 1982 was excepted from discharge. *Id.* at 1369. Debtor did not dispute that under a literal reading of Section 523(a)(1)(A) and 507(a)(7)(A) [now 507(a)(8)(A)], the tax debt for 1982 was excepted from discharge. Rather, debtor argued that a literal reading of these section created disparate classes of tax payers and was thus unconstitutional. *Id.*

The debtor in *In re Wood* hypothesized two types of debtors: the first debtor who obtained a filing extension for filing their tax return and a second debtor who opted to file an untimely tax return. *Id.* at 1369-70. Both hypothetical debtors filed a bankruptcy petition at the same point in time, though the first debtor who obtained a filing extension ultimately filed their return before expiration of the filing extension. *Id.* Based on this hypothetical, the tax debt would be excepted from discharge for the first debtor who obtained a valid extension because language of Section 507(a)(8)(A) includes extensions. Therefore, for the first debtor, the relevant date would be the date the filing extension expired, which is less than three years from the date that the bankruptcy petition was filed. *Id.* On the other hand, the tax debt of the second hypothetical debtor would be discharged because the time that elapsed between when the tax return was filed and the bankruptcy petition was filed exceeded the three year time period. *Id.* The *Wood* Court rejected debtor's constitutional challenge and reasoned that a two-fold government interest is served with the current interplay of the respective bankruptcy code sections. First, delinquent tax filers are discouraged through substantial civil and criminal penalties and second, the IRS, an involuntary creditor in bankruptcy, is provided with a reasonable opportunity to assess and collect unpaid taxes. *Id.* at 1371. "The trade-off is entirely appropriate, particularly considering that the taxpayer absolutely controls the time of filing." *Id.*

4

This Court finds the reasoning of the *In re Wood* Court instructive. Here, Debtors argue that though Debtors obtained a filing extension, the three-year look-back period of Section 507(a)(8)(A)(i) should be triggered on the date the tax return was filed, June 29, 2006, rather than the date the tax return was due, October 15, 2006. Debtors argue that Debtors should not bear this debt simply because they did not wait until after October 15, 2009 to file their bankruptcy petition.

As illustrated by the court in *In re Wood,* there are benefits to obtaining an income tax filing extension, such as "the taxpayer receives a longer period of time within which to file his return and is able to avoid civil and criminal penalties." *Id.* at 1371. Debtors chose to avoid the penalties associated with untimely filing Debtors' income taxes and instead obtained a filing extension. Debtors had the option of taking full advantage of the extension. They did not. So too, the date that Debtors' bankruptcy petition was filed was entirely within the purview of Debtors. Debtors chose to file their bankruptcy petition on August 24, 2009 rather than after October 15, 2009. It was to the detriment of Debtors to not file the 2005 tax return on the last day of the extension or to wait and file the bankruptcy petition three years and a day after the date in which the extension expired. The date the return was filed is immaterial.

Debtors challenge that this result is inequitable and works contrary to the principle of providing a debtor with a fresh start. Bankruptcy law however does not exist in isolation of other existing law. There are competing law and interests which are implicitly considered within the Bankruptcy Code. While true that the conclusions of other courts in other circuits are persuasive, the conclusions of the Supreme Court is law. In settling a separate but related issue in *Young v. U.S.,* the Supreme Court determined that the Section 507(a)(8)(A)(i) three-year look-back period is trigged on the date the income tax return is last due, including extensions. *See Young,* 535 U.S. at 45, 47-48, 122 S.Ct. at 1038-40. Through the bright-line look-back period, Debtors will obtain a discharge of the entire tax debt for 2004 in the amount of $31,092.25. The Bankruptcy Code does not permit the same result with regard to the tax debt for 2005.

5

An Order consistent with the above will be entered separately in this matter.

_____
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: September 29, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Vicki A. Dempsey
Dempsey, Dempsey & Moellring, P.C.
716 Broadway
PO Box 510
Hannibal, MO 63401

Jeffrey and Debra Bisch
26282 State Hwy 3
Callao, MO 63534

Steven W. LaBounty
District Counsel, I.R.S.
Robert A. Young Bldg.
1222 Spruce, Rm. 6.301A
St. Louis, MO 63103